IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ROBERT MORRIS ANTHONY, | ) | |
| | ) | 2: 10-cv-0153 |
| Petitioner, | ) | |
| | ) | **ELECTRONICALLY FILED** |
| v. | ) | |
| | ) | |
| THE COMMONWEALTH OF PENNSYLVANIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION DENYING "MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO FED.R.CIV. RULE 60(B)" (Doc. No. 45)**

This case is before the Court on Petitioner's third "Motion for Relief From A Judgment Pursuant to Fed.R.Civ. Rule 60(b)" ("Rule 60(b) Motion"). For the reasons below, Petitioner's motion will be dismissed without prejudice, so that Petitioner can properly bring this petition to the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 2244(b)(3).

1. **Relevant Background**

Robert Morris Anthony initiated this action in February 2010 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Anthony is presently serving a life sentence imposed following his conviction of second degree murder, robbery of a motor vehicle, receiving stolen property, carrying a firearm without a license, robbery, and criminal conspiracy at Nos.

1

CC 200216531, 200217169 and 200312158, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on August 31, 2004.

In December 2010, this Court dismissed the Petition on its merits finding that Anthony had failed to demonstrate that his conviction was secured in a manner contrary to or involved an unreasonable application of Supreme Court law. Judgment was entered in favor of Respondents and against Anthony. (Doc. Nos. 18 and 19). The United States Court of Appeals for the Third Circuit denied Anthony's request for a certificate of appealability in April 2021. (Doc. No. 23).

Anthony has filed six PCRA petitions seeking relief from his conviction. His first four PCRA petitions were denied by Judge McDaniel, his trial and sentencing judge. In his fifth PCRA petition, filed after Judge McDaniel had retired, he argued judicial misconduct against Judge McDaniel. This petition was denied in May 2019 by The Honorable Jill E. Rangos as time barred. The Superior Court of Pennsylvania affirmed the decision in November 2019, and the Supreme Court of Pennsylvania denied further review in August 2020.

A year later, in August 2021, Anthony filed his sixth PCRA petition alleging judicial misconduct against both Judge Rangos and the panel of the Superior Court judges who had affirmed the denial of his fifth PCRA petition. His sixth PCRA petition was denied in September 2021 by Judge Rangos. Anthony states that he filed a Notice of Appeal to the Superior Court from the denial of his sixth PCRA petition. But his criminal case docket, of which this Court may take judicial notice, does not reflect that a Notice of Appeal was filed.

Repeatedly having been denied relief in state court, Anthony again turned to this Court for relief. In April 2022, over ten years after his federal habeas petition was denied, Anthony

filed his first Rule 60(b) motion raising the issues that he had raised in his sixth PCRA petition: that (1) Judge Rangos was biased in dismissing his fifth PCRA petition and (2) the panel of the Superior Court that affirmed the dismissal of his fifth PCRA petition also was biased against him. (Doc. No. 25). This Court denied the Rule 60(b) motion, finding that Anthony had presented an unauthorized second or successive petition, which this Court lacked jurisdiction to consider, or alternatively, that Anthony had presented no grounds for relief if the motion was treated as a true Rule 60(b) motion. (Doc. No. 26). The United States Court of Appeals for the Third Circuit denied Anthony's application for a certificate of appealability stating that "[j]urists of reason would agree without debate that the District Court properly dismissed Appellant's motion pursuant to Federal Rule of Civil Procedure 60(b) because it was an unauthorized second or successive habeas petition that the District Court lacked jurisdiction to entertain." Order (Doc. No. 31).

Anthony filed his second Rule 60(b) motion in September 2022, approximately six weeks after the United States Court of Appeals for the Third Circuit denied his first Rule 60(b) motion. (Doc. No. 32). Anthony asserted that he "filed [the first Rule 60(b) ] motion incorrectly, so that motion is correct and true to what a Fed.R.Civ.P. Rule 60(b) should be." Anthony claimed he was entitled to relief because his "initial trial and appeal judge, now resigned [Judge] McDaniel denied his *Brady* claim by mistake when she had her dates mixed up." (Doc. No. 32 at p. 3). This Court denied the Motion finding that Anthony had presented an unauthorized second or successive petition, which this Court lacked jurisdiction to consider, or alternatively, that Anthony had presented no grounds for relief if the motion was treated as a true Rule 60(b)

3

motion. (Doc. No. 34). The United States Court of Appeals for the Third Circuit denied Anthony's application for a certificate of appealability stating,

> Jurists of reason would agree without debate that the District Court properly dismissed Appellant's motion pursuant to Federal Rule of Civil Procedure 60(b) because it was an unauthorized second or successive habeas petition that the District Court lacked jurisdiction to entertain. Even if Anthony's motion was a true Fed.R.Civ.P. 60(b)( motion, he did not make the requisite showing necessary to obtain relief under Rule 60(b).

Order (Doc. No. 41) (citations omitted). Anthony's petition for en banc and for panel hearing was denied by the Court of Appeals.

One week after the denial of his petition for en banc and for panel hearing, Anthony filed the instant third Motion pursuant to Rule 60(b). (Doc. No. 45).

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on these grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme or unexpected hardship would occur." *United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)). Such extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez,* 545 U.S. at 535.

    Operating along with Rule 60(b) in habeas cases is the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the filing of habeas petitions. While "AEDPA d[oes] not expressly circumscribe the operation of Rule 60(b)," Rule 60(b) "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent that it is [consistent] with [AEDPA]." *Gonzalez,* 545 U.S. at 529 (footnote omitted) (quotation and citations omitted). Under 28 U.S.C. § 2244, which applies specifically to habeas proceedings, a district court only has jurisdiction to review a second or successive petition if the petitioner has first obtained an order from the appropriate court of appeals, here the Court of Appeals for the Third Circuit, authorizing the district court to consider the application. 28 U.S.C. § 2244 (b)(3)(A). Accordingly, Rule 60(b) may not be used to "circumvent the requirement that a successive habeas petition be precertified by the court of appeals." *Gonzalez*, 545 U.S. at 532.

    In the habeas context, a Rule 60(b) motion must be construed as a second or successive habeas petition when it attacks "the substance of the federal court's resolution of a claim on the merits" or "present[s] new claims for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 531-32. But "[i]n those instances in which the factual predicate of a

5

petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction," a Rule 60(b) motion may "be adjudicated on the merits." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).  This Court may consider a Rule 60(b) motion when it "asserts that a previous ruling which precluded a merits decision was in error - for example a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" or when it asserts a "defect in the integrity of the federal habeas proceeding," such as "[f]raud on the federal habeas court." *Gonzalez*, 545 U.S. at 532 & nn. 4-5.

Additionally, the Court must be mindful that there are time limitations on Rule 60(b) motions.  Specifically, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

The Court's first determination, therefore, must be whether Anthony's third Rule 60(b) motion constitutes a second or successive habeas petition or is a true Rule 60(b) motion.  If the Court concludes that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the Court of Appeals for consideration as an application to file a second or successive petition. *Gonzalez,* 545 U.S. at 538.  Yet if the Court concludes that the motion is a true Rule 60(b) motion, the motion will be decided without precertification by the Court of Appeals.  *Id*. at 531-32.

**III.    Discussion**

In the instant third Rule 60(b) motion, Anthony raises two claims for relief.  The first claim is identical to the issue raised in his second Rule 60(b) motion: "Mr. Anthony's initial trial

and appeal judge, now resigned Judge McDaniel denied his *Brady* claim by mistake when she had her dates mixed up." Compare Rule 60(b) motion filed at Doc. No. 45 with Rule 60(b) motion filed at Doc. No. 32.  When dismissing the second Rule 60(b) motion, this Court determined that this was a new claim for relief and, as such, was an unauthorized second or successive habeas petition that the District Court lacked jurisdiction to entertain.  A panel of the Court of Appeals for the Third Circuit agreed with this determination.

Accordingly, the Court incorporates the *ratio decidendi* applied in its Order of 09/27/2022 denying Anthony's second Rule 60(b) motion and again concludes that this a new claim for relief and, as such, is an unauthorized second or successive habeas petition that this Court lacks jurisdiction to consider in the absence of prior authorization by the Court of Appeals for the Third Circuit.

Anthony's second claim is that he is entitled to relief because this Court denied his second Rule 60(b) motion by mistake when it determined that Anthony had "never raised the issue of a *Brady* violation."  According to Anthony, there is no need to seek permission to file a second or successive petition because this issue was raised in his original habeas petition.  This claim too can be denied summarily.

The flaw in this argument is that Anthony has mischaracterized the claim on which he is now seeking relief.  While Anthony sought relief in his original habeas petition based on an alleged *Brady* violation,[1] that is <u>not</u> the issue Anthony raised in either his second Rule 60(b)

---

[1] In the petition for habeas relief, Anthony claimed he was entitled to relief based on a *Brady* violation when the Commonwealth allegedly failed to inform the defense of the pending criminal charges against its witness Clinton Peterson.

7

motion or again in this motion. Rather, Anthony seeks relief based on an alleged factual mistake made by the state court judge in denying his *Brady* claim - a claim that he has not raised before in this Court. This is the very type of motion the Supreme Court of the United States has stated is in actuality a second or successive petition – the factual predicate of his underlying state court conviction by raising a new ground for relief. And in fact, a claim which the Court of Appeals "agree[d] without debate that the District Court properly dismissed . . . pursuant to Federal Rule of Civil Procedure 60(b) because it was an unauthorized second or successive petition that the District Court lacked jurisdiction to entertain." Court of Appeals Order, 02/01/2023 (Doc. No. 41).

Alternatively, Anthony fares no better even if the Court were to conclude that Anthony's motion should be treated as a true Rule 60(b) motion. Anthony wants this Court to grant relief under Rule 60(b) on a claim which has never been presented to this Court and thus judgment has not been entered. Additionally, Anthony does not show "extraordinary circumstances" that would justify reopening these proceedings or that the Rule 60(b) motion was brought "within a reasonable time." The Rule 60(b) motion "reassert[s] claims of error in the state conviction" and accordingly must be treated as a successive habeas petition.

### IV.  Conclusion

For these reasons, Anthony's pending third Rule 60(b) motion will be dismissed without prejudice. Reasonable jurists would all agree that Anthony has not shown that he obtained leave from the United States Court of Appeals for the Third Circuit to file the instant second or successive habeas corpus petition. As such, reasonable jurists would also agree Anthony has

presented an unauthorized second or successive petition, which this Court lacks jurisdiction to consider. *See Gonzalez v. Crosby,* 545 U.S. 525, 530-32 (2005). Because jurists of reason would agree without debate that Anthony was not entitled to relief – whether construed in whole or in part as a second or successive habeas petition or a true Rule 60(b) motion – a certificate of appealability will be denied. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021).

    An appropriate Order will issue.

Dated:  April 17, 2023

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    ROBERT MORRIS ANTHONY
FY4052
SCI ROCKVIEW, Box A
1 Rockview Place
Bellefonte, PA 16823
(via U.S. First Class Mail)

Ronald M. Wabby, Jr.
Office of the District Attorney
(ECF electronic notification)