IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ROBERT MORRIS ANTHONY, | ) | |
| | ) | 2: 10-cv-0153 |
| Petitioner, | ) | |
| | ) | **ELECTRONICALLY FILED** |
| v. | ) | |
| | ) | |
| THE COMMONWEALTH OF PENNSYLVANIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION DENYING "MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO FED.R.CIV. RULE 60(b)(6)" (Doc. No. 56)**

Currently before the Court is Petitioner Robert Morris Anthony's fourth Rule 60(b) motion in which he challenges the 2010 dismissal of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Specifically, he contends that the decisions of the United States Court of Appeals for the Third Circuit in *Dennis v. Secretary, Pennsylvania Department of Corrections*, 834 F.3d 263 (3d Cir. 2016), and *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021), constitute intervening changes in the law entitling him to relief. After thoroughly reviewing Petitioner's fourth Rule 60(b) motion, to the extent the motion is deemed a "true" Rule 60(b) motion, the Court will deny the motion because neither *Dennis* nor *Bracey* are material to the Court's 2010 dismissal of Anthony's original habeas petition. Alternatively, to the extent Anthony's motion is an attempt to challenge the Court's merit-based decision denying

1

his *Brady* claim, the motion will be denied as an unauthorized second or successive habeas petition. The Court will also not issue a certificate of appealability.

**1.     Relevant Background**

In June 2004, following a jury trial, Robert Morris Anthony was convicted of, among other things, second degree murder, kidnapping, robbery, and aggravated assault in the Court of Common Pleas of Allegheny County, Pennsylvania.  On August 31, 2004, he was sentenced to a term of life imprisonment on the second degree murder count, and three concurrent terms of imprisonment of five to ten years each at the kidnapping, robbery, and aggravated assault charges. His judgment of sentence was affirmed by the Superior Court of Pennsylvania on December 1, 2006, and his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on June 14, 2007.

Anthony filed his first PCRA petition on December 4, 2007.  Through counsel, Anthony filed an amended petition in which he raised two issues:

> 1.  Trial counsel was ineffective for failing to investigate key Commonwealth witness Clinton Peterson's criminal history, including his pending case and the possible deal he received prior to and in exchange for testifying against Anthony, as well as possible treatment for a probation violation at the same case.
>
> 2.  The Commonwealth of Pennsylvania committed a *Brady* violation by not informing Anthony or his trial counsel of the pending cases against Clinton Peterson.

The trial court, now the PCRA court, dismissed the petition on June 18, 2008.  In denying the petition, the PCRA court concluded:

> On appeal, the Defendant raises two claims:  a *Brady* violation and trial counsel's related ineffectiveness.  Both are meritless. . . .
>
> The Defendant now alleges that the Commonwealth committed a *Brady* violation by failing to disclose Clinton Peterson's pending criminal cases and the

2

> fact that he received leniency in sentencing in exchange for his testimony against the Defendant. Promises of leniency towards a witness in exchange for their testimony must be disclosed, as they are "relevant to the witness' credibility," *Commonwealth v. Strong*, 761 A.2d 1167, 1171 (Pa. 2000), but a defendant's "mere assumption that such a promise . . . must have been made is not sufficient to establish that such an agreement in fact existed." *Commonwealth v. Champney*, 832 A.2d 403, 412 (Pa. 2004). Close examination of the record reveals that the Defendant's claim that Peterson received favorable treatment is simply a "mere assumption" and requires no relief. . . .
>
> The Defendant was not brought to trial until June, 2004, over a year after Peterson pled and was sentenced, and almost six (6) months after this Court closed interest. Under these circumstances, there does not exist any reasonable argument that the Commonwealth offered Peterson leniency in exchange for his testimony against the Defendant – had they done so, Peterson's case would have been continued until after the Defendant's trial so his cooperation could be assured. The Defendant's mere speculation that Peterson was given leniency in exchange for his testimony is not supported by the record and does not form a basis for a *Brady* claim.
>
> The Defendant also raises a claim in ineffectiveness of trial counsel for failing to investigate Peterson's criminal record and a possible favorable treatment he received in exchange for his testimony at trial. Again, this claim is meritless. . . .
>
> As noted above, the Defendant failed to establish a *Brady* violation with regard to Peterson's 2002 drug charges. Given the futility of the underlying claim of a *Brady* violation, trial counsel cannot be ineffective for failing to investigate and/or raise it at the time of trial. This claim must also fail.

*Commonwealth v. Anthony*, 1925(a) Opinion (C.C.P. Jan. 27, 2009) (ECF No. 13-6 at p. 18; Exh. 39). The Superior Court of Pennsylvania, in affirming dismissal of Anthony's PCRA petition, stated:

> We conclude that the PCRA court's opinion accurately addresses both of Appellant's arguments. Specifically, we note that Clinton Peterson was tried and sentenced on offenses unrelated to the instant matter well before Appellant's trial. Appellant's allegations of favorable treatment toward Peterson appear to rest on Appellant's assumptions rather than on facts as reflected in the record. Accordingly, we affirm the PCRA court's order.

*Commonwealth v. Anthony*, No. 1162 WDA 2008, Memorandum (Pa. Super. Ct. July 29, 2009) (ECF No. 13-8 at p. 26; Exh. 43).

In 2010, Anthony filed a *pro se* Petition for Writ of Habeas Corpus in this Court raising three claims. He again raised the ineffective assistance of trial counsel for failing to investigate Clinton Peterson's criminal history and the *Brady* claim, and he added a third claim challenging the sufficiency of the evidence presented at trial. Magistrate Judge Robert C. Mitchell issued a Report and Recommendation on November 19, 2010, in which he recommended that the Petition be dismissed as none of the claims raised had merit.[1] (Doc. No. 17). By Order dated December 7, 2010, the Court adopted and incorporated the Report and Recommendation as the opinion of the Court, denied and dismissed the habeas petition, and determined there was no ground to issue a certificate of appealability. (Doc. No. 18). Concomitantly, judgment was entered in favor of Respondents and against Anthony. (Doc. No. 19). Anthony appealed, but the United States Court of Appeals for the Third Circuit denied his request for a certificate of appealability in April 2012. (Doc. No. 23).

Anthony then returned to state court. In total, he has filed six PCRA petitions seeking relief from his conviction, all of which have been denied. Repeatedly having been denied relief in state court, Anthony again turned to this Court for relief. In April 2022, over ten years after his federal habeas petition was denied, Anthony filed his first Rule 60(b) motion. (Doc. No. 25). This Court denied the motion finding that Anthony had presented an unauthorized second or successive petition, which this Court lacked jurisdiction to consider, or alternatively, that

---

[1] Even though the third claim was procedurally defaulted as it had not been raised in the state courts, the claim was examined on its merits.

Anthony had presented no grounds for relief if the motion was treated as a true Rule 60(b) motion. (Doc. No. 26). The United States Court of Appeals for the Third Circuit denied Anthony's application for a certificate of appealability stating that "[j]urists of reason would agree without debate that the District Court properly dismissed Appellant's motion pursuant to Federal Rule of Civil Procedure 60(b) because it was an unauthorized second or successive habeas petition that the District Court lacked jurisdiction to entertain." Order (Doc. No. 31).

Anthony filed his second Rule 60(b) motion in September 2022, approximately six weeks after the Court of Appeals denied his first Rule 60(b) motion. (Doc. No. 32). He claimed he was entitled to relief because his "initial trial and appeal judge, now resigned [Judge] McDaniel denied his *Brady* claim by mistake when she had her dates mixed up." (Doc. No. 32 at p. 3). This Court denied the Motion finding that Anthony had presented an unauthorized second or successive petition, which this Court lacked jurisdiction to consider, or alternatively, that Anthony had presented no grounds for relief if the motion was treated as a true Rule 60(b) motion. (Doc. No. 34). The United States Court of Appeals for the Third Circuit denied Anthony's application for a certificate of appealability stating,

> Jurists of reason would agree without debate that the District Court properly dismissed Appellant's motion pursuant to Federal Rule of Civil Procedure 60(b) because it was an unauthorized second or successive habeas petition that the District Court lacked jurisdiction to entertain. Even if Anthony's motion was a true Fed.R.Civ.P. 60(b) motion, he did not make the requisite showing necessary to obtain relief under Rule 60(b).

Order (Doc. No. 41) (citations omitted). Anthony's petition for en banc and for panel hearing was denied by the Court of Appeals.

One week after the denial of his petition for en banc and for panel hearing, Anthony filed on April 7, 2023, a third Motion pursuant to Rule 60(b) (Doc. No. 45), raising two claims for

5

relief : (i) the trial court and PCRA court denied his *Brady* claim by mistake and (ii) this Court denied his second Rule 60(b) motion by mistake.  On April 17, 2023, this Court denied the motion finding that Anthony had presented an unauthorized second or successive petition, which this Court lacked jurisdiction to consider, or alternatively, that Anthony had presented no grounds for relief if the motion was treated as a true Rule 60(b) motion. (Doc. Nos. 49 and 50). The United States Court of Appeals for the Third Circuit denied Anthony's application for a certificate of appealability stating, *inter alia,* "Whether viewed as asserting a new claim or as a challenge to the District Court's denial of his Brady v. Maryland, 373 U.S. 83 (1963), claim on the merits, Appellant's Rule 60(b) motion was properly treated as a second or successive habeas petition." Order, August 25, 2023 (Doc. No. 53).

Against this backdrop, the Court now addresses Anthony's fourth Rule 60(b) motion.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b)(6) is a catch-all provision that permits a court to award relief "for any other reason that justifies relief," Fed.R.Civ.P. 60(b)(6), but has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014)).  Such extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Because this is a federal habeas action, before reaching the question of whether extraordinary circumstances exist, the federal habeas court must first confirm that it has

jurisdiction to entertain the Rule 60(b) motion. *See United States v. Doe*, 810 F.3d 132, 151 (3d Cir. 2015); *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") deprives district courts of jurisdiction over successive habeas petitions unless the relevant appellate court granted the petitioner permission to file. 28 U.S.C. § 2244(b)(3)(A); *see also Pridgen*, 380 F.3d at 725. As such, district courts only have jurisdiction over true Rule 60(b) motions and not over unauthorized successive habeas petitions disguised as Rule 60(b) motions. *Pridgen*, 380 F.3d at 725.

One potential basis for relief under Rule 60(b)(6) is an intervening change in law. Where a petitioner seeks relief based on an intervening change in law, the Court must first determine whether the change in law was material to the basis on which the habeas relief was denied. *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). If the change in law was material, the Court must then engage in a flexible and multifactor analysis, outlined in Cox, to determine if that change in law, combined with other facts and circumstances, supports a conclusion that there are extraordinary circumstances that warrant Rule 60(b)(6) relief. *Id*. at 284, 295-96. Among the factors the Court must consider in a *Cox* analysis are: (1) whether the change in law concerns a constitutional rule or right for criminal defendants, (2) the merits of the petitioner's underlying claim, (3) the principles of finality and comity, (4) petitioner's diligence in pursing review, and (5) the imperative of correcting a fundamentally unjust incarceration. *Id*. at 295-96.

**III.   Discussion**

In the instant fourth Rule 60(b) motion, Anthony moves to reopen the denial of his federal habeas petition arguing that there are extraordinary circumstances that entitle him to

relief. He argues that recent caselaw from the Court of Appeals for the Third Circuit constitutes "an intervening change in law that establishes cause for Petitioner's procedural default of his <u>Brady</u> claim . . . ." Mot. at p. 5. Relying on *Dennis v. Secretary, Pennsylvania Department of Corrections*, 834 F.3d 263 (3d Cir. 2016), and *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021), Anthony argues that these cases effected a material change in relevant law by establishing that a criminal defendant has no obligation to seek out *Brady* material and that Rule 60(b) relief may be available where habeas relief was denied on procedural grounds based on an improper imposition of such an obligation.

There is a fundamental flaw in Anthony's argument. Simply put – notwithstanding that *Dennis* and *Bracey* may provide cause for a procedural default in failing to raise a *Brady* claim, this decisional law is not material to the basis upon which this Court denied habeas relief to Anthony. Anthony's habeas petition included a *Brady* claim and a related ineffective assistance of counsel claim. Both claims were found to be without merit; the claims were <u>not</u> dismissed as procedurally defaulted. This critical distinction renders *Dennis* and *Bracey* inapplicable to Anthony's case.

    A.    <u>*Dennis* and *Bracey*</u>

In *Dennis*, the en banc Court of Appeals addressed the government's duty under *Brady*. It considered the extent to which a criminal defendant must exercise due diligence in seeking out potentially exculpatory evidence and stated that the prosecution's "duty to disclose under *Brady* is absolute" and a defendant has no obligation " `to scavenge for hints of undisclosed Brady material when the prosecution represents that all such material has been disclosed." *Dennis*, 834 F.3d at 290 (quoting *Banks v. Dretke*, 540 U.S. 668, 695 (2004)). The appellate court clarified

that "[t]o the extent that we have considered defense counsel's purported obligation to exercise due diligence to excuse the government's non-disclosure of material exculpatory evidence, we reject that concept as an unwarranted dilution of *Brady*'s clear mandate." *Id*. at 293. Thus, the holding in *Dennis* provides new support for finding cause for a petitioner's procedural default in failing to raise a *Brady* claim.

Subsequently, in *Bracey*, the Court of Appeals for the Third Circuit considered the district court's denial of a Rule 60(b) motion that sought reconsideration of a § 2254 habeas order dismissing a petitioner's *Brady* claims as untimely pursuant to AEDPA's one-year time limitation set forth in 28 U.S.C. § 2244(d)(1)(D). The Court of Appeals determined that the district court had erred, stating that *Dennis* had "effected a material change in Circuit law with respect to the reasonable expectations of a *Brady* claimant" and that

> [w]hile [it] had previously suggested that defendants had to search for exculpatory evidence themselves, *Dennis* made clear that a defendant can reasonably expect – and is entitled to presume – that the government fulfilled its *Brady* obligations because the prosecution's duty to disclose is absolute and in no way hinges on efforts by the defense. . . . By altering the factual predicate and baseline expectations for *Brady* claims, *Dennis* correspondingly changed what § 2254(d)(1)(D)'s 'due diligence' requirement demands of *Brady* claimants.

*Bracey*, 986 F.3d at 279.

  B. <u>*Dennis* and *Bracey* Are Not Material to this Court's Prior Dismissal of Anthony's Habeas Petition</u>

Anthony argues that *Dennis* and *Bracey* establish cause for the procedural default of his *Brady* claim. However, he does not explain how these cases apply to his case nor does he establish that he had a *Brady* claim dismissed under similar circumstances (i.e., that he previously raised a Brady claim that was found to be procedurally defaulted). In fact, the record clearly reflects that both the state courts and this Court denied Anthony's *Brady* claim on its

merits. This is fatal to his motion. *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) ("The problem is that an unstated but critical premise of . . . Rule 60(b) cases is that a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position"); *see also Bracey*, 986 F.3d at 284 ("First, we ask whether the asserted change [in law] is material to the basis on which the district court initially denied habeas relief.").

*Dennis* and *Bracey* both relate to timeliness and procedural default. Neither of these cases provide Anthony relief because his *Brady* claim was clearly denied <u>on the merits</u>, not for procedural or timeliness reasons.[2] This Court, like the state courts, denied Anthony's *Brady* claim finding that Anthony's claim rested on "assumptions rather than on facts as reflected in the record." Superior Court Memorandum, No. 1162 WDA 2008, 7/29/2009. (ECF No. 13-8 at p. 26; Exh. 43). As such, Anthony's reliance on *Dennis* and *Bracey* is misplaced and his Rule 60(b)(6) motion fails.[3] In sum, to the extent the motion is a "true" Rule 60(b) motion, the motion will be denied as Anthony has not established "extraordinary circumstances" necessary to vacate the denial of his habeas petition.

---

[2] The term "on the merits," in this context, refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Gonzalez*, 545 U.S. at 532 n.4. In contrast, a determination that precludes a merits review, such as a "failure to exhaust, procedural default, or statute-of-limitations bar," is not made on the merits. *Id*.

[3] Because the Court has determined that the intervening change of law in *Dennis* and *Bracey* is not material to the basis on which habeas relief was denied, it is not necessary for the Court to proceed to a *Cox* analysis to determine if that change in law, combined with other facts and circumstances, supports a conclusion that there are extraordinary circumstances that warrant Rule 60(b) relief.

Alternatively, to the extent that Anthony's motion is an attempt to challenge the Court's merit-based decision denying his *Brady* claim, the motion will be denied as an unauthorized second or successive habeas petition.

## IV.  Conclusion

For these reasons, the Court finds that the Rule 60(b)(6) motion should be denied as Anthony has not come close to showing that he is entitled to relief based on an intervening change in law due to *Dennis* and *Bracey*. Alternatively, to the extent that Anthony's motion is an attempt to challenge the Court's merit-based decision denying his *Brady* claim, the motion will be denied as an unauthorized second or successive habeas petition.  For these reasons, Anthony's fourth Rule 60(b) motion will be denied. Because jurists of reason would not debate whether this motion should be denied, a certificate of appealability will be denied.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Bracey*, 986 F.3d at 281 (confirming that a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A) is necessary to appeal "a denial of a Rule 60(b) motion seeking reconsideration of the denial of habeas relief").

An appropriate Order will issue.

| | |
|---|---|
| Dated:  September 23, 2023 | s/Arthur J. Schwab<br>Arthur J. Schwab<br>United States District Judge |

cc: ROBERT MORRIS ANTHONY
FY4052
SCI ROCKVIEW, Box A
1 Rockview Place
Bellefonte, PA 16823
(via U.S. First Class Mail)

Ronald M. Wabby, Jr.
Office of the District Attorney
(via ECF electronic notification)