IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ROBERT MORRIS ANTHONY, ) | |
| ) | 2: 10-cv-0153 |
| Petitioner, ) | |
| ) | **ELECTRONICALLY FILED** |
| v. ) | |
| ) | |
| THE COMMONWEALTH OF ) | |
| PENNSYLVANIA, THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, and THE DISTRICT ) | |
| ATTORNEY OF THE COUNTY OF ) | |
| ALLEGHENY, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION DENYING "MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO FED.R.CIV. RULE 60(b)(6) and 60(d)(3)" (Doc. No. 61)**

Currently before the Court is Petitioner Robert Morris Anthony's fifth motion under Rule 60 of the Federal Rules of Civil Procedure to reopen the denial of his federal habeas petition. (Doc. No. 61). To the extent this motion is a second or successive habeas petition, it will be denied for lack of subject matter jurisdiction as Anthony has not sought approval from the appropriate court of appeals. To the extent his motion is a "true" Rule 60(b) motion, it will be denied for failure to state a claim. And to the extent relief is sought under Rule 60(d)(3), the request will be denied.

**1.     Relevant Background**

1

The factual and procedural history of this case is quite lengthy and does not need to be recounted in full.[1] Since Anthony's first PCRA petition was filed in December 4, 2007, he often has argued, before both this Court and the state courts, that the Commonwealth's witness at trial, Clinton Peterson, received a favorable deal in exchange for testifying against Anthony at his trial and the Commonwealth committed a *Brady* violation for failing to inform Anthony or his trial counsel of the deal. Now, almost two years after Anthony's fourth Rule (60)(b) motion was denied, he files his fifth Rule 60(b) motion, presenting a new claim. He now contends relief is warranted under Rule 60(b)(6) and/or under Rule 60(d)(3) because "the PCRA court committed fraud upon the District Court." (Doc. No. 61 at 6). Specifically, he alleges,

> [The PCRA Court] never mentioned that Peterson was extradited from Ohio and was being held in the Allegheny County Jail on the charge of Fugitive from Justice, until he testified at Petitioner's trial for the Commonwealth. The District Court had no way of knowing this so therefore *the PCRA court committed fraud upon the District Court*.

*Id.* (emphasis added).

## II.      Legal Standards of Review

### A.      Rule 60(b)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, (2005). The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] The extensive procedural background was set forth in this Court's September 23, 2023 Memorandum Opinion, a copy of which is attached and incorporated herein by reference.

2

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed. R. Civ. P. 60(b)(6)). And "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id*. (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

### B.     Rule 60(d)(3)

The Court of Appeals for the Third Circuit has explained the standard to be applied to a motion to set aside judgment under Rule 60(d)(3) as follows:

> Actions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept. The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment. The presumption against the reopening of a case that has gone through the appellate process all the way to the United States Supreme Court and reached final judgment must be not just a high hurdle to climb but a steep cliff-face to scale.
>
> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be

3

> justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

*Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005) (internal citations omitted), *cert. denied*, 547 U.S. 1123 (2006).

Fraud under Rule 60(d)(3) is distinct from the fraud contemplated by Rule 60(b)(3). *See Gagliardi v. Courter*, Civ. Act. No. 02-2035, 2011 WL 710221 (W.D. Pa. Feb. 22, 2011) ("Fraud on the court is distinct from the type of fraud covered by Rule 60(b)(3)[.]" "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Burton v. Horn*, No. CV 09-02435, 2018 WL 5264336, at *7 (E.D. Pa. Oct. 22, 2018) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)). "The party seeking relief under Rule 60(d)(3) must establish fraud by 'clear and convincing evidence.'" *Hatchigan v. Int'l Bhd. of Elec. Workers Loc. 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)).

### C.    Successive Habeas Petitions

"[A] Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Gonzalez*, 545 U.S. at 534. If a petitioner seeks to relitigate issues previously decided by the district court on habeas review or to pose new claims that would have been cognizable on federal habeas review, his Rule 60(b) motion will constitute a successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 726 (3d Cir. 2004). Similarly, when the Rule 60(b) motion seeks to attack the petitioner's underlying conviction, the motion should be treated as a second or successive habeas petition. *Id*. at 727.

### III.   DISCUSSION

Because Anthony's primary argument supporting his claim for relief relies on Rule 60(d)(3), the Court will analyze that issue first and then turn to Rule 60(b)(6).

### A.   Rule 60(d)(3)

Anthony argues he is entitled to relief pursuant to Rule 60(d)(3), which recognizes the court's authority to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "In order to meet the necessarily demanding standard of proof of fraud upon the court[,] . . . there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring* 424 F.3d at 386-87. "[F]raud on the court must involve truly egregious conduct, such as bribing a judge, tampering with a jury, hiring an attorney for the purpose of influencing a judge." *United States v. Pelullo*, Civ. No. 01-124, 2011 WL 3022534, *51 (D.N.J. July 22, 2011) (citation omitted).

Anthony argues,

> According to the PCRA Court Clinton Peterson's case was closed so Petitioner's BRADY claim is a mere assumption. The Court never mentioned that Peterson was extradited from Ohio and was being held in the Allegheny County Jail on the charge of Fugitive from Justice, until he testified at Petitioner's trial for the Commonwealth. The District Court had no way of knowing this so therefore the PCRA court committed fraud upon the District Court.

Doc. No. 61 at 6. This claim can be rejected rather summarily. Anthony's allegations relate to the actions of the PCRA court in the context of state PCRA proceedings. To the extent Anthony is alleging fraud upon this federal court, he had not demonstrated any egregious, intentionally fraudulent, conduct. *See Herring*, 424 F.3d at 390. Thus, the Court will deny Anthony's request for relief pursuant to Rule 60(d)(3).

B.    **Rule 60(b)(6)**

While "[f]raud upon the federal habeas court" is an example of a "defect" in the habeas proceedings which could be presented in a "true" Rule 60(b) motion, Anthony presents no allegations of fraud before this Court. Instead, his Rule 60(b) motion is yet another attempt to challenge his state court judgment of conviction. In other words, it advances a new "claim" and must therefore be construed as an unauthorized second or successive habeas petition and dismissed for lack of jurisdiction. *See Gonzalez*, 545 U.S. at 531-32; *Pridgen,* 380 F.3d at 725.

Because Anthony's motion is not a "true" Rule 60(b) motion, but an unauthorized second or successive habeas petition, approval from the Court of Appeals to file a second or successive habeas petition is required under 28 U.S.C. § 2244 and a review of the Third Circuit's docket reveals that Anthony has not yet received that permission. Accordingly, the motion will be dismissed for lack of jurisdiction.

And to the extent Anthony's motion is a "true" Rule 60(b) motion, it will be denied as Anthony has not established "extraordinary circumstances" necessary to vacate the denial of his habeas petition.

C.    **Certificate of Appealability**

A certificate of appealability is required to appeal from the denial of a Rule 60(b) motion. *See Bracey*, 986 F.3d at 283 (reaffirming *Morris v. Horn*, 187 F.3d 333 (3d Cir. 1999), and holding that a certificate of appealability is required to hear an appeal from the denial of a Rule 60(b) motion). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the

6

petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Anthony has not made the requisite showing in this case. Accordingly, a certificate of appealability will be denied.

### D.     Other pending motions

Also pending are Anthony's motion to appoint counsel (Doc. No. 62) and motion for discovery (Doc. No. 63). Both these motions will be denied as moot.

## IV.    CONCLUSION

Whether viewed under Rule 60(b)(6) or Rule 60(d)(3), Anthony's claims are without merit. For these reasons, the Court finds that Anthony's fifth Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60 should be denied. To the extent that Anthony's motion is an attempt to challenge the Court's merit-based decision denying his *Brady* claim, the motion will be denied as an unauthorized second or successive habeas petition. To the extent Anthony's motion is a "true" Rule 60(b) motion, the motion will be denied as Anthony has not established "extraordinary circumstances" necessary to vacate the denial of his habeas petition.

Anthony's request for relief pursuant to Rule 60(d)(3) will be denied as he has not demonstrated any egregious, intentionally fraudulent, conduct upon this court

And Anthony's motion to appoint counsel (Doc. No. 62) and motion for discovery (Doc. No. 63) will be denied as moot.

An appropriate Order will issue.

Dated:  July 28, 2025                          s/Arthur J. Schwab
                                                                Arthur J. Schwab
                                                                United States District Judge

cc:     ROBERT MORRIS ANTHONY
       FY4052
       SCI ROCKVIEW, Box A
       1 Rockview Place
       Bellefonte, PA 16823
       (via U.S. First Class Mail)

       Ronald M. Wabby, Jr.
       Office of the District Attorney
       (via ECF electronic notification)